UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL V. REYNOLDS     CIVIL ACTION NO. 18-cv-1256

VERSUS     JUDGE FOOTE

MOHAMED M. LICIAR, ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Michael V. Reynolds ("Plaintiff") filed suit in state court for personal injuries in connection with an auto accident. He names as defendants Mohamed Liciar and Pro Oil & Gas Services, LLC. Pro Oil removed the case based on an assertion of diversity jurisdiction, which puts the burden on Pro Oil to allege specific facts that show complete diversity of citizenship and an amount in controversy that exceeds $75,000.

The notice of removal alleges that Plaintiff seeks several categories of damages and, more importantly, Plaintiff's counsel has advised defense counsel that the amount in controversy does exceed $75,000. The notice of removal alleges that Plaintiff is a citizen of Louisiana and that Mr. Liciar is a citizen of Texas. The allegations are adequate with respect to the amount in controversy and the citizenship of those two parties.

Additional information is needed regarding the citizenship of Pro Oil, which alleges in its notice that it is a Delaware LLC with a single member: IC Pro Holdings, LLC. That member LLC is described only as "a Delaware limited liability company." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling

Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

Pro Oil, to meet its burden with respect to diversity jurisdiction, will need to assert specific facts regarding the members of IC Pro Holdings, LLC. Pro Oil will be allowed until **October 12, 2018** to file an amended notice of removal and attempt to meet its burden. The court will review the record after that date and determine whether subject matter jurisdiction exists. If there is jurisdiction, the court will set a scheduling conference once Pro Oil and Mr. Liciar have filed answers.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of September, 2018.

Mark L. Hornsby
U.S. Magistrate Judge